### 18049. GERSHON & GOLDSTEIN v. MENDEL.

BELL, J. This case is controlled by the decision this day rendered in the companion case of *Gershon & Green* v. *Mendel,* ante, 650.

*Judgment reversed. Jenkins, P.J., and Stephens, J., concur.*

DECIDED JANUARY 16, 1928.

---

### 18075. HALL v. VANDIVER.

JENKINS, P. J. 1. In a suit for a real-estate broker's commissions the burden is on the plaintiff to establish a contract of listment and its performance on his own part. While the letter and telegram of the defendant did not bind him in express terms to pay commissions, it can not be questioned that in thus agreeing to list the property with the plaintiff he must have known that the plaintiff understood he was to receive the commission which had been specified in the letters to which the defendant was replying. Accordingly, there was established a contract listing the property with the plaintiff broker, which, had it been performed according to its terms, would have entitled the plaintiff to the commissions sued for. Civil Code (1910), § 4267.

2. Ordinarily a real-estate broker earns his commission when, "during the agency he finds a purchaser ready, willing and able to buy, and who actually offers to buy on the terms stipulated by the owner." Civil Code (1910), § 3587. If the owner of the property desires to limit his liability for commissions in a manner other than that which is governed by the general rule, such as that commissions will be due only in the event of a consummated sale, provision for such limitation of liability must be embodied in the authcrity to sell. If property has been listed without any such limiting stipulations, the owner can not, after receiving an offer in accordance with the terms of the authority to sell, proceed to impose special limitations upon his liability for commissions. But if the offer as submitted is at variance with the terms of the contract listing the property, the owner may either decline the offer or accept it coupled with new conditions or limitations limiting his liability for commissions; the effect of such a conditional acceptance being to submit a counter-proposal under which the property might be sold, and under which he would be liable for commissions. *Howard* v. *Sills,* 154 *Ga.* 430 (114 S. E. 580); *Winer* v. *Flournoy Realty Co.,* 27 *Ga. App.* 87 (2) (107 S. E. 398).

3. Where by the terms of a letter dated March 11, 1925, the owner of property rendered himself liable for broker's commissions upon the submission by the broker of an immediate bona fide cash offer in a stated sum, and where, on April 2 following the broker, in pursuance of such correspondence submitted an offer at the price named, but contingent upon payment being deferred several months thereafter, the owner of the property was not liable to the broker for commissions under the offer

---

Brokers, 9 C. J. p. 560, n. 18; p. 599, n. 49; p. 632, n. 11.